```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| TYRONE BARNES, | Civil No. 07-3352 (KSH) |
| Petitioner, |  |
| v. | **M E M O R A N D U M** |
| T. M. POWER, | **O R D E R** |
| Respondent. |  |

   IT IS APPEARING THAT:

1. The proceedings in this legal action have been initiated on July 5, 2007, by the petitioner's filing of his petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241, and submission of his filing fee.

2. Since the petitioner is a state prisoner challenging denial of parole by the state parole board, he may challenge the fact or duration of his/her confinement pursuant to a state conviction only by filing a petition for writ of habeas corpus under 28 U.S.C. § 2254. Consequently, on October 2, 2007, the petition was dismissed for lack of jurisdiction without prejudice to the petitioner's filing of a timely § 2254 petition on the grounds that (a) section 2241 was not an alternative to 28 U.S.C. § 2254, and it could have been utilized by the petitioner only if section 2254 was either inadequate or ineffective remedy; (b) in the petitioner's case, section 2254 was neither inadequate nor ineffective remedy; (c) re-

characterization of the petition as a petition filed pursuant to 28 U.S.C. § 2254 was not necessary since the petitioner's rights could not have been unduly prejudiced by dismissal; and (d) it was not apparent to the Court whether the petitioner intended his § 2241 petition to be the petitioner's one all-inclusive § 2254 Application, in view of consequences detailed in <u>Mason v. Meyers</u>, 208 F.3d 414 (3d Cir. 2000).

3. On October 19, 2007, the petitioner submitted a document titled "Notice of motion for reconsideration to open case and accept [the petitioner's § 2241] habeas corpus petition . . . as [the petitioner's] all-inclusive [§] 2254 application."[1] This "Notice of motion" made it apparent that the petitioner was moving the Court to reconsider the Court's previous order the petition to dismiss the petition for lack of jurisdiction without prejudice to the petitioner's filing of a timely § 2254 petition.

**It is on this 22ⁿᵈ day of October, 2007,**

**ORDERED** that the Court construes the petitioner's "Notice of motion" as the petitioner's application made pursuant to Federal Rule of Civil Procedure 59(e); and it is further

---

[1] Petitioner's "Notice of motion" appears to be executed on October 9, 2007, and thus, is timely under Rule 59(e) and Local Rule 7.1(i).

**ORDERED** that the Clerk shall open the file on this matter for the purpose of entertaining the petitioner's Rule 59(e) application.

        /s/ Katharine S. Hayden
    **Katharine S. Hayden**
    **United States District Judge**